IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>SHERAZ J. GILL,<br><br>                    Defendant. | 4:22-CR-3045<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 39) and filed a motion for variance (filing 37).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant pled guilty to transmitting a threatening communication in violation of 18 U.S.C. § 875(c), and has objected to the presentence report's assessment of a six-level enhancement to the offense level pursuant to U.S.S.G. § 2A6.1(b)(1) for "conduct evidencing an intent to carry out such threat[.]" He argues that the conduct occurred in 2017, but that the threats weren't reported by the victim until 2020, so "[y]ears passed and [he] did not act on those threats" and there's "no evidence [he] intended to carry out any of [the] threats he made[.]" Filing 37 at 5.

    The government bears the burden of proving the applicability of an enhancement to the offense level. *United States v. Shelabarger*, 770 F.3d 714, 717-18 (8th Cir. 2014). In determining whether § 2A6.1(b)(1) applies, "the court shall consider both conduct that occurred prior to the offense and conduct that occurred during the offense" but "conduct that occurred prior to the offense must be substantially and directly connected to the offense, under the facts of the case taken as a whole." *Id.*, cmt. n.1. " For example, if the defendant engaged in several acts of mailing threatening letters to the same victim over a period of years . . .

the court shall consider only those prior acts of threatening the victim that have a substantial and direct connection to the offense." *Id*. But "the applicability of the enhancement does not depend on the defendant's actual intent, which could exist regardless of whether any actions were taken toward carrying it out; rather it depends on whether or not the defendant engaged in conduct from which the court permissibly infers such an intent." *United States v. Berndt*, 127 F.3d 251, 259 (2d Cir. 1997).

The alleged conduct here—threats accompanied by photographs of the victim and locations where the victim might be found—suggests that the defendant had gone to the effort of locating the victim in real life and surreptitiously observing her, which is troubling given that the victim had only been acquainted with the defendant online. Similar facts—that is, facts suggesting a defendant had located, observed, or stalked a victim—have been held to support this enhancement. *See United States v. Rose*, 315 F.3d 956, 958 (8th Cir. 2003) (enhancement based in part on defendant who met victim on the Internet finding victim's address and sending letters to victim's neighbors); *see also*, *e.g.*, *United States v. Bohanon*, 290 F.3d 869, 875 (7th Cir. 2002) (defendant's detailed threats described victim's bus stop); *United States v. Taylor*, 88 F.3d 938, 943 (11th Cir. 1996) (basing enhancement in part on defendant conducting surveillance of victim and describing their activities during threats).

That said, the Court will make a final determination on this issue at sentencing (noting that, should the Court accept the parties' Rule 11(c)(1)(C) plea agreement, the issue is likely moot). The defendant has also moved for the downward variance required by the plea agreement, based on the defendant's personal circumstances and the circumstances of the offense. Filing 37. The Court will resolve that at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of February, 2023.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge